DANIEL BURNHAM *versus* JOHN SPRING.

Where the drawer of a bill has no funds in the hands of the drawee, a demand and notice need not be proved, to charge the drawer; unless he had reasonable ground to expect that his draft would, nevertheless, be honored; and this, if relied upon by the drawer in his defence, should be shown by him.

ASSUMPSIT upon a writing of this tenor. " March 26, 1836. James Irish. Pay Daniel Burnham or order, fifteen hundred forty-seven dollars and sixty-eight cents, for value received.

" J. Spring."

Irish was called by the plaintiff, and testified that the paper was presented to him for payment in the month of March, 1836, and that he refused to pay it, having no funds of the defendant in his hands at that or any other time, and so informed the plaintiff at the time. The defendant introduced an agreement between Irish and himself, dated Sept. 10, 1835, and a letter from Irish to him, dated Sept. 10, 1835, which are referred to, but are not found in the copies.

The defendant contended, that the plaintiff was bound to prove notice to the defendant of the refusal of Irish to accept and pay the order; that the proof did not show that the order was seasonably demanded of Irish; and that if the jury were satisfied, that the order was drawn upon the fund, and on the conditions specified in the agreement, that the defendant was not liable, although nothing was realized from that fund.

SHEPLEY J. who presided at the trial, instructed the jury, that if Irish had no funds of the defendant in his hands when

the order was presented to him, that the plaintiff was not bound to give notice to the defendant of its non-payment; that the order, not being payable on demand, or in a given time, was payable when presented; that the law requires that it should be presented within a reasonable time; and that what was a reasonable time was for them to decide; that if Irish was not to pay the order except out of funds alluded to in the agreement there must be proof of this; and that the burthen of proof, to show this, was on the defendant. The verdict was for the plaintiff, and the defendant filed exceptions.

*Leland* argued for the defendant, citing Story on Bills, 354; 7 Greenl. 126; 14 Mass. R. 116; Metc. & Per. Dig. Bills of Exchange, c. 4, § 124, and cases there cited; Story on Bills, 43.

*Howard* and *Osgood*, for the plaintiff.

The opinion of the Court was by

WHITMAN C. J. — The case shows that the defendant, at the time he drew the draft declared upon, had no funds in the hands of the drawee, so that the plaintiff has realized no part of his demand from that source. In such case a demand on the drawee, and notice of non-payment by him, need not be proved; unless the drawer had reasonable ground to expect that his draft would, nevertheless, be duly honored; and this, if relied upon by the drawer in his defence, should be shown by him. For this purpose, at the trial, he introduced an agreement in writing, signed by the drawee and himself, dated Sept. 10, 1835, in which the drawee stipulated, upon certain terms and conditions, to transfer the one half of certain "notes and cash, received by him of Asa Hanson and others." He did not show that, at the time of drawing the draft, or *within a* reasonable time thereafter, he had complied with any of those terms and conditions; and therefore did not show that he could reasonably have expected the draft would be paid.

The letters which were introduced, probably, as tending to show something of the kind, bear date, July 14 and 23, 1836,

nearly six months after the time, when the draft might have been expected to be presented for payment; and therefore show nothing of the kind; but rather the contrary; for no allusion is made, either in the letter of Irish, the drawee, or in the reply of the defendant, to any receipt of money by the former. They both refer solely to certain notes of which a division was proposed. There does not, therefore, seem to be any ground upon which the defendant can honestly or legally resist the payment of the amount due on the draft.

*Exceptions overruled — Judgment on the verdict.*